# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2020-0249 and 2020-0250, <u>PPI Enterprises, LLC v. Town of Windham</u>, the court on June 23, 2021, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. In these consolidated appeals, the plaintiff, PPI Enterprises, LLC (PPI), appeals orders of the Superior Court (<u>St. Hilaire</u>, J.) remanding PPI's application for site plan approval to the planning board for the defendant, the Town of Windham (Town), and staying PPI's appeal of a decision of the Town's zoning board of adjustment (ZBA). We affirm in part, vacate in part, and remand.

I. Facts

The following facts either were recited by the trial court or reflect the content of documents in the appellate record. In 2018, PPI applied for site plan approval to construct a three-story, 93,000 square foot, self-storage facility on its 45.57-acre Windham property. After seven public hearings over the course of thirteen months, during which time the primary issue discussed was PPI's proposed use of blasting to develop the site, the planning board denied the application. The planning board's sole basis for doing so was that the site plan was inconsistent with section 100 of the Windham Zoning Ordinance, which sets forth the purposes of the ordinance. PPI simultaneously appealed the planning board's decision to the superior court and the ZBA. PPI asked the superior court to stay the appeal until the ZBA acted. The superior court granted that request.

In its appeal to the ZBA, PPI argued that the planning board had improperly relied upon section 100 of the ordinance. The ZBA agreed with PPI, reversed the planning board's decision, and remanded the site plan application to the planning board for further review. PPI unsuccessfully moved for reconsideration, and then appealed the ZBA's decision to the superior court, arguing that the site plan application met or exceeded the site plan regulations and should be approved without further proceedings, and asserting that the ZBA had no authority to remand the application to the planning board.

Meanwhile, after the ZBA reversed the planning board decision, the Town asked the superior court to remand the site plan application to the planning board for further proceedings. The trial court granted the Town's motion in a

margin order.  PPI moved the court to reconsider its decision, maintaining that because the planning board denied PPI's application solely because it violated the zoning ordinance, the planning board must have determined that the application otherwise satisfied the criteria for site plan review.  PPI asserted that in light of the ZBA's determination that the planning board had relied improperly upon section 100 of the ordinance to deny the site plan application, the trial court should not have remanded to the planning board, but instead should have reversed the planning board's denial of site plan approval.  The Town moved to stay PPI's appeal of the ZBA decision pending resolution of PPI's appeal of the planning board's decision.  The Town argued that if the trial court remanded the site plan application to the planning board, PPI's appeal of the ZBA decision would be moot and, therefore, should be stayed "indefinitely."

In an April 6, 2020 order, the trial court denied PPI's motion to reconsider and granted the Town's motion to stay PPI's appeal of the ZBA decision.  In considering whether to remand PPI's site plan application for further review by the planning board, the trial court observed that "the clear statutory preference is for decisions about land use to be made at the local level by local boards, particularly when it comes to factual findings that are often aided by the board's expertise."  The court observed that the planning board did not appear to make any factual findings on the necessary site plan approval criteria or, "[a]t the very least, any findings the Planning Board did make are not clear on the face of its decision."

In addition, although the court acknowledged that in a case with a sufficiently-developed record where the merits of a particular proposal are clear, it could find, as a matter of law, that the proposal was entitled to site plan approval, the court concluded that the fact-finding record in the instant matter was insufficiently developed by the planning board.  The trial court found that the only topic discussed by the planning board before rendering its decision was the issue of blasting, and the only ground for denying the application was the application's purported conflict with section 100 of the ordinance.  Accordingly, the court concluded that "remanding the Application to the Planning Board to develop a record and make factual findings—or clarify any factual findings it did make—will allow the Planning Board to perform its statutory role."

With regard to the Town's motion to stay PPI's appeal of the ZBA's decision, the trial court observed that "the procedural posture of [PPI's appeals] is unique."  The court stated that "the only decision that the Planning Board made at this point has already been reversed and there is thus no other [planning board] decision for the Court to review."  The court noted that "no party [had] challenged the ZBA's central ruling that it was improper for the Planning Board to rely on . . . Section 100 [of the zoning ordinance] in denying the Application."  The court also explained that although PPI appealed the ZBA's decision on the ground that the ZBA had no authority to remand the site

plan application to the planning board for further review, "this issue is now moot because the Court itself remanded the Application." Therefore, the court reasoned that because the court was remanding the site plan application to the planning board for further review, "the ZBA Appeal is superfluous because it presents no issues that have not already been raised in [PPI's appeal of the planning board's decision]."

The trial court noted that the ZBA appeal and the planning board appeal could have been heard together in a single action before the superior court — indeed, PPI had requested that the trial court consolidate the two appeals. The court explained that "[g]iven that the ZBA Appeal and the [planning board] Appeal both ultimately hinge on a question that can be resolved in the [planning board] Appeal, there is no practical difference between the Court consolidating both appeals and then remanding to the Planning Board or remanding the [planning board] Appeal and staying the ZBA Appeal," as it did in its order.

PPI moved for reconsideration of the April 2020 order, which the trial court denied. The court allowed the planning board, on remand, to "accept additional evidence prior to its final determination on the Application." However, the court observed that "this matter has been before the Planning Board for a long period of time, and the Planning Board has had significant time to gather evidence related to the Application." Accordingly, the court stated that it "appreciate[d] the Town's representation" that, on remand to the planning board, "the review process will . . . not start anew and the next meeting will likely be the last before the Planning Board votes on the Application." The court urged PPI and the planning board to "engage in good faith efforts to achieve a final resolution concerning the Application." We observe that at oral argument, the Town reiterated that the public hearing on PPI's application had already closed and that, on remand, the planning board would resume its deliberations and issue a final decision.

II. Analysis

In this appeal, PPI challenges both the trial court's decision to remand PPI's site plan application to the planning board and its decision to grant the Town's motion to stay PPI's appeal of the ZBA decision. Our review of the superior court's decision on appeals arising from a decision of a planning or zoning board is limited. See Girard v. Town of Plymouth, 172 N.H. 576, 581 (2019) (planning board); Dietz v. Town of Tuftonboro, 171 N.H. 614, 618 (2019) (zoning board). We will reverse the trial court's decision only if it is not supported by the evidence or is legally erroneous. Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 647 (2000). We review the trial court's decision to determine whether a reasonable person could have reached the same decision as the trial court based on the evidence before it. Girard, 172 N.H. at 582.

3

Resolving the issues in this appeal requires that we engage in statutory interpretation. "In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." Dietz, 171 N.H. at 619 (quotation omitted). "We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning." Id. (quotation omitted). "We interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include." Id. (quotation omitted).

As noted above, PPI filed two appeals of the planning board decision: one to the superior court and one to the ZBA. Because this case involves a planning board decision with a matter appealable to the ZBA, RSA 677:15, I-a(a) governs. See RSA 677:15, I-a(a) (2016). That statute provides that following "final resolution" of proceedings before the ZBA, appeals may be heard by the superior court on "any or all matters concerning the subdivision or site plan decided by the planning board or the [ZBA]." Id.

Many of PPI's appellate arguments stem from its incorrect assertion that when the planning board denied its application because the application purportedly violated section 100 of the ordinance, the planning board necessarily found that the application otherwise satisfied the criteria for site plan review. PPI contends that "the letter and spirit of RSA 676:3, I contemplate that the Planning Board would disclose any and all reasons for its denial of PPI's site plan application." PPI reasons that, having identified only one ground for denial, the planning board must have otherwise approved its site plan application. Because PPI contends that the planning board already approved its site plan application, PPI argues that it was error for either the trial court or the ZBA to remand review of PPI's site plan application back to the planning board for a new final decision.

PPI's interpretation of RSA 676:3, I, is mistaken. See RSA 676:3, I (2016). That statute requires local land use boards, including a planning board, to provide an applicant "with written reasons for the disapproval." Id. There is nothing in RSA 676:3, I, requiring a local land use board to "disclose any and all reasons" for denying an application. Nor is there such a requirement in RSA 676:4, which specifically governs planning boards. See RSA 676:4, I(h) (2016) ("In case of disapproval of any application submitted to the planning board, the ground for such disapproval shall be adequately stated upon the records of the planning board."). To the extent that PPI argues that our interpretation of RSA 676:3, I, "encourages dilatory tactics" by the planning board, its argument, in this case, is misplaced. As PPI correctly notes, a municipality's duty to assist arising under Part I, Article 1 of our State Constitution, precludes a board from engaging in "dilatory tactics in order to delay a project." Richmond Co. v. City of Concord, 149 N.H. 312, 315 (2003).

4

Accordingly, contrary to PPI's argument, the planning board did not approve PPI's site plan application subject only to section 100 of the zoning ordinance. Once the ZBA determined that the planning board erroneously denied site plan approval based upon section 100 of the ordinance, the sole basis for the planning board's decision was addressed, and that aspect of the ZBA's decision was not appealed to the superior court. Under these circumstances, the superior court's remand to the planning board was appropriate, and we affirm its decision.

The planning board is the only administrative body with the authority to approve or disapprove a site plan. See RSA 674:43 (2016). It is now incumbent upon the planning board, consistent with the Town's assertions in the trial court and at oral argument that the public hearing on PPI's application has already closed, to resume its deliberations and issue a final decision on PPI's site plan application. Should the planning board again deny PPI's site plan application, PPI may then appeal the decision in accordance with the statutory scheme.

We agree with the trial court that PPI's appeal of the ZBA's decision to remand to the planning board is now moot. Regardless of whether the ZBA had the authority to remand to the planning board, given our affirmance of the trial court's remand order, PPI's site plan application will now be before the planning board. As the trial court explained, "the only pertinent issue remaining in the ZBA Appeal [was] the same issue raised in the [planning board] Appeal—namely, whether remanding the Application to the Planning Board is appropriate." Having already concluded that remand to the planning board was appropriate, the court reasoned that "resolving whether the ZBA erred in remanding in the first instance will provide no relief to PPI." We agree with that analysis. Therefore, we vacate the trial court's decision to stay PPI's appeal of the ZBA's decision and, in the exercise of our supervisory authority, instruct the court to dismiss that appeal as moot.

Affirmed in part; vacated in part; and remanded.

MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

5